# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**LEWIS LEROY MCINTYRE,**

    **Plaintiff,**

    v.

**ANDRE IMBRONGNO,** *et al.,*

    **Defendants.**

Civil Action 2:17-cv-1026
Judge Michael H. Watson
Magistrate Judge Chelsey M. Vascura

## ORDER and REPORT AND RECOMMENDATION

Plaintiff McIntyre, an inmate at the Franklin County Jail, is proceeding without the assistance of counsel. He brings this action under 42 U.S.C. § 1983 against the Chair of the Ohio Parole Board, the Director of the Ohio Department of Rehabilitation and Correction, and the Correctional Records Sentence Computation Auditor of the Ohio Bureau of Sentence Computation. Plaintiff asserts four claims under the Eighth and Fourteenth Amendments to the United States Constitution; all of the claims relate to the Defendants' alleged failure to recognize a final appealable order issued by the Summit County, Ohio, Court of Common Pleas on February 3, 2016, twenty-five years after that court had failed to issue a complete final order at the time of Plaintiff's initial sentencing. The result of the Defendants' failure to recognize the 2016 order, Plaintiff contends, is that he is effectively ineligible for parole and will be required to serve the maximum sentence imposed by the Court of Common Pleas.

This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of

Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, for the reasons that follow, the undersigned **RECOMMENDS** that the Court **DISMISS** this action pursuant to § 1915(e)(2) for failure to state a claim on which relief may be granted.

This matter is also before the Court for consideration of Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2). (ECF No. 1.) Plaintiff's motion is **GRANTED**. Plaintiff is required to pay the full amount of the Court's $350 filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff's certified trust fund statement reveals that he had the sum of $2.35 in his prison account as of October 29, 2017. Plaintiff has monthly income of $15.00. That amount is insufficient to pay the full filing fee.

Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust account at North Central Correctional Complex is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six-months immediately preceding the filing of the Complaint. After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00 until the full fee of $350.00 has been paid to the Clerk of this Court. 28 U.S.C. § 1915(b)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). Checks should be made payable to: Clerk, United States District Court. The checks should be sent to:

Prisoner Accounts Receivable
260 U.S. Courthouse
85 Marconi Boulevard
Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

It is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid. The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office.

## I.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

---

[1] Formerly 28 U.S.C. § 1915(d).

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--

    \*    \*    \*

(B) the action or appeal--

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Further, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550

U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In considering whether this facial plausibility standard is met, a Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). In addition, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

## II.

Plaintiff was sentenced in 1991 to terms of eight to fifteen and eight to twenty-five years. Plaintiff alleges that he served these terms concurrently, but he also alleges that he was first eligible for parole consideration in 2007, before the expiration of his minimum term. In any event, the Ohio Parole Board granted Plaintiff parole in 2007.

Two years later, Plaintiff committed new offenses while on parole. His parole was revoked, and he was sentenced to four years of imprisonment. That sentence was reduced to three years on appeal, and the Ohio Parole Board again considered Plaintiff for parole in 2012. It denied parole and directed that Plaintiff's incarceration be continued until May 1, 2016.

At the time of Plaintiff's 1991 conviction, the Court of Common Pleas failed to dismiss or otherwise dispose of an amended felonious assault charge on which the jury had not convicted Plaintiff. In February 2016, the Court of Common Pleas issued a final appealable order

5

dismissing that charge for the first time. Plaintiff alleges that the February 2016 order triggered his first opportunity to appeal his 1991sentence and that he has now appealed it.

In response to the February 2016 order, the Ohio Parole Board held a parole consideration hearing in March 2016. Plaintiff alleges that he informed the Ohio Parole Board officials at that hearing that, in light of the February 2016 order, the Parole Board did not have jurisdiction over Plaintiff. He further alleges that the "head of the parole proceedings" advised Plaintiff that he should file a habeas corpus action if he wanted to be released. (ECF No. 1, PAGEID #28). "Plaintiff then walked out of the proceedings and was later informed that he was continued until 2021." (*Id.*).

Plaintiff's claims in this action are premised on his assertions (1) that the Due Process Clause entitles him to parole eligibility consideration and (2) that Defendants' actions depriving him of parole eligibility consideration and release and effectively requiring him to serve the maximum term of imprisonment imposed by the Court of Common Pleas amounts to cruel and unusual punishment. Proceeding under either of those theories, Plaintiff has not alleged facts that, if true, would entitle him to the relief he seeks.

"A plaintiff bringing a § 1983 action for procedural due process must show that the state deprived him or her of a constitutionally protected interest in 'life, liberty, or property' without due process of law." *Swihart v. Wilkinson*, 209 F. App'x 456, 458 (6th Cir. 2006) (quoting *Zinermon v. Burch*, 494 U.S. 113, 125 (1990)). Thus, because Plaintiff seeks to establish a due process violation relating to Defendants' actions in connection with his eligibility for parole consideration, he "must first show that he . . . has a protected property or liberty interest in parole." *Settle v. Tenn. Dep't of Corrs.*, 487 F. App'x 290, 290–91 (6th Cir. 2012) (citations omitted).

A state prisoner does not have a constitutional right to be released on parole before the expiration of the maximum term of his sentence. *Greenholtz v. Inmates of the Nebraska Penal and Corr. Complex*, 442 U.S. 1, 7 (1979). "A liberty interest in parole eligibility derives only from state law." *Id.* at 291 (citations omitted); *see also Jackson v. Jamrog*, 411 F.3d 615, 619 (6th Cir. 2005) ("[T]here is no fundamental right to parole under the federal constitution."). "Ohio law does not create a protected liberty interest in release from parole," *Jergens v. State of Ohio Dep't of Rehab. & Corrs. Adult Parole Auth.*, 492 F. App'x 567, 570 (6th Cir. 2012), nor do the Ohio parole statutes upon which Plaintiff relies create a constitutional right to be released on parole. *Jago v. Van Curen*, 454 U.S. 14, 20 (1981). Because Ohio law does not create a liberty interest in parole, Plaintiff cannot state a viable § 1983 due process claim challenging Defendants' eligibility determination.

The Eighth Amendment prohibits cruel and unusual punishment in the form of conduct that involves the unnecessary and wanton infliction of pain. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987). The denial of parole does not implicate the Eighth Amendment's prohibitions. *Carnes v. Engler*, 76 F. App'x 79, 81 (6th Cir. 2003); *Wolfel v. Timmerman-Cooper*, No. 2:07-cv-1079, 2008 WL 5188188, at *9 (S.D. Ohio Dec. 10 2008); *Clumm v. Warden, Chillicothe Corr. Inst.*, No. 2:08-cv-365, 2008 WL 4346797, at *2 (S.D. Ohio Sept. 18, 2008). Accordingly, Plaintiff has not stated a viable § 1983 claim based upon the Eighth Amendment.

# IV.

In sum, because Plaintiff has failed to state a claim upon which relief may be granted, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint in its entirety pursuant to § 1915(e)(2).

For the reasons set forth above, Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2) is **GRANTED**. (ECF No. 1.) In addition, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus. Finally, the Clerk is **DIRECTED** to send a copy of this order to the Ohio Attorney General's Office, 150 E. Gay St., 16th Floor, Columbus, Ohio 43215.

## PROCEDURE ON OBJECTIONS

If Plaintiff seeks review by the District Judge of this Report and Recommendation, he may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

Plaintiff is specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate

judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

    **IT IS SO ORDERED**.

                                            /s/ *Chelsey M. Vascura*
                                            CHELSEY M. VASCURA
                                            UNITED STATES MAGISTRATE JUDGE