# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

Lewis Leroy McIntyre, Jr.,

    Plaintiff,

v.

Andre Imbrogno, *et al.*,

    Defendants.

Case No. 2:17-cv-1026

Judge Michael H. Watson

Magistrate Judge Vascura

## OPINION AND ORDER

Upon initial screening, Magistrate Judge Vascura issued a Report and Recommendation that recommended the Court dismiss Plaintiff's *pro se* prisoner civil rights complaint for failure to state a claim. R&R, ECF No. 6. Pursuant to the prisoner mailbox rule, Lewis McIntyre, Jr. ("Plaintiff") has timely objected. Obj., ECF No. 7.

Magistrate Judge Vascura issued the R&R pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b). Under Rule 72(b), the Undersigned must determine *de novo* any part of the Magistrate Judge's disposition that has been properly objected to. Fed. R. Civ. P. 72(b)(3). The Undersigned may accept, reject, or modify the R&R, receive further evidence, or return the matter to the Magistrate Judge with instructions. *Id.* Upon *de novo* review, the Court **AFFIRMS** and **ADOPTS** the R&R.

The Court turns first to Plaintiff's contention that the R&R made an error of fact. Plaintiff objects that the R&R factually erred in stating, "[i]n response to the

February 2016 order, the Ohio Parole Board held a parole consideration hearing in March 2016." R&R 6, ECF No. 6. Plaintiff argues that the March 2016 parole eligibility hearing was not premised on the February 2016 order but rather the 1991 order that Plaintiff contends is null and void. In support, Plaintiff cites an Ohio Department of Rehabilitation & Correction Notice of Scheduled Parole Release Consideration Hearing, dated January 25, 2016, which advised Plaintiff of a parole eligibility hearing to be held in March of 2016. Obj. Ex. F, ECF No. 7-1, PAGEID # 155. Plaintiff contends that the March 2016 hearing, which was noticed as early as January of 2016, could not have been held in response to an Order that was issued in February of 2016.

Plaintiff's objection is **OVERRULED** as irrelevant. Plaintiff's ultimate contention, and his second objection, is that the R&R erred in its legal determination that he failed to state a claim for violation of due process and right to be free from cruel and unusual punishment. Even if the contested sentence in the R&R is factually inaccurate, and the March 2016 parole hearing was not held on the February 2016 order, the R&R accurately understood and set forth the basis of Plaintiff's claim—that Plaintiff has a due process right to a parole eligibility consideration on the February 2016 order and that the denial of that right violated due process and amounted to cruel and unusual punishment. R&R 6, ECF No. 6.

Moreover, the R&R correctly concluded that Plaintiff failed to state a claim for either a due process or Eighth Amendment violation. "To establish a due

process violation [based on a denial of a parole hearing], a complainant must first show that he or she has a protected property or liberty interest in parole." *Settle v. Tenn. Dep't of Corr.*, 487 F. App'x 290, 2012 WL 5477117, at *1 (6th Cir. 2012) (citations omitted). "A liberty interest in parole eligibility derives only from state law." *Id.* (citations omitted). "Ohio law does not create a liberty interest in parole eligibility or release on parole." *Johnson v. Mohr*, No. 2:15-cv-86, 2015 WL 1526804, at *3 (S.D. Ohio April 3, 2015) (citing *Jergens v. State of Ohio Dep't of Rehab. and Corr. Adult Parole Auth.*, 492 F. App'x 567, 570 (6th Cir. 2012)).

Indeed, the Sixth Circuit has rejected an inmate's claim that Ohio law creates a liberty interest in a meaningful parole process and that the denial of a meaningful parole hearing therefore violated his due process rights. *Jergens*, 492 F. App'x at 569–71. After finding that Ohio law does not recognize a liberty interest in release on parole, the Sixth Circuit stated in *Jergens* that state-mandated procedural requirements—such as for meaningful consideration for parole—"do[] not, in and of [themselves], create a protected liberty interest." *Id.* at 571 (citation omitted). Thus, the court rejected the inmate plaintiff's claim "that, as a procedural matter, he was denied the meaningful hearing that is required under Ohio law" finding that "in the absence of a protected liberty interest, his purely procedure-based claim must fail." *Id.* at 571 n.5; *See also Willis v. Capots*, 902 F.2d 1570 (Table), 1990 WL 63551, at *1 (6th Cir. May 15, 1990) ("First, [Plaintiff] has no protected right to a parole hearing. Ohio law does not create a liberty interest in a parole hearing. [The Ohio revised code] is purely

discretionary and neither creates an expectation of parole nor guarantees due process in the parole determination process." (citation omitted)). The Sixth Circuit has also explicitly rejected the argument Plaintiff makes here—that Ohio Administrative Code § 5120:1-1-10 creates a liberty interest entitled to constitutional due process protection. *Willis*, 1990 WL 63551, at *1. "Since [Plaintiff] has neither an inherent constitutional right to parole nor a protected liberty interest created by mandatory state parole laws, he cannot maintain a due process claim based upon the denial of a parole hearing." *Utley v. Rose*, 201 F.3d 442, 1999 WL 1252880, at *1 (6th Cir. Dec. 14, 1999) (analyzing Tennessee law which, like Ohio law, does not create a liberty interest in parole eligibility). Accordingly, the R&R correctly concluded that Plaintiff failed to state a due process claim.

Finally, the Sixth Circuit has held that "the decision to postpone [a plaintiff's] parole hearing indefinitely does not constitute cruel and unusual punishment." *Willis*, 1990 WL 63551, at *1. Thus, the R&R also correctly concluded that Plaintiff failed to state an Eighth Amendment claim.

For the reasons set forth above, Plaintiff's objections are **OVERRULED**. The R&R is **ADOPTED** and **AFFIRMED**, and Plaintiff's Complaint is **DISMISSED** pursuant to § 1915(e)(2).

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**